IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DOYLE ANTHONY JONES                                                    PETITIONER

v.                                  Case No. 6:22-cv-06110

DEXTER PAYNE and
LESLIE RUTLEDGE                                                        RESPONDENTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner is Doyle Anthony Jones ("Jones").  On October 20, 2022, Jones filed the current Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondents filed a response on November 28, 2022.  ECF No. 8.  This matter is now ripe for consideration.

This Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.  The Court has reviewed the Petition and Response and finds this Petition should be **DENIED.**

## 1.    Procedural Background[1]:

Jones is an inmate incarcerated at the Ouachita River Unit in the Arkansas Department of Correction ("ADC") in Malvern, Arkansas.  In 2003, Jones was convicted of arson by a Washington County jury and was sentenced to 40 years of imprisonment.[2]  After he was placed in the custody of the Arkansas Department of Correction ("ADC"), Jones was assessed as a Level 3 sex offender. In 2013, he challenged that finding in Jefferson County Circuit Court.  His petition was dismissed as untimely, and the Arkansas Supreme Court affirmed the dismissal.  *See Jones v. Ark. Dep't of Corr. Sex Offender Screening & Assessment Committee,* 2014 Ark. 135, 2014 WL 1096295 (2014).

On June 14, 2014, Jones became eligible for transfer to supervised release.  On September16,

---

[1] The "Procedural Background" is taken from the docket and the documents filed in this case.
[2] Jones was convicted as a habitual offender.  He previously had been convicted of rape and battery.

2019, the Arkansas state parole board recommended transfer to supervised released, subject to Jones's submission of a suitable parole-release plan.  On June 29, 2021, Jones's parole plan was denied based upon a finding that the address provided in his plan was the address of another incarcerated Level 3 sex offender.  On October 20, 2022, Jones filed the current Petition.  ECF No. 1.  Respondents have filed a response.  ECF No. 8.  The Court will now consider this Petition.

**2.      Applicable Law**:

Jones seeks *habeas* review of a state-court conviction in this Court pursuant to 28 U.S.C. § 2254.  ECF No. 1.  In the interests of finality and federalism, a federal *habeas* court is constrained by statute to exercise only a "limited and deferential review of underlying state-court decisions." *See, e.g., Whitehead v. Dormire,* 340 F.3d 532, 536 (8th Cir. 2003).  The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013).

A federal court reviewing a state-court merits ruling of a federal question may grant habeas-corpus relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).

Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011).  Under § 2254(d)(2), a decision adjudicated on the merits in a state court based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340

(2003).  In making this determination, factual findings by the state courts are presumed correct absent clear and convincing evidence to the contrary.  *Id.;* 28 U.S.C. § 2254(e)(1).

**3.     Discussion**:

Respondents claim this action is time-barred and should be dismissed under AEDPA.  Upon review and consistent with the following, the Court agrees and finds this Petition should be dismissed with prejudice.

**A.     One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2254.  In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a petition challenging his or her conviction.

In the present action, Jones's one-year deadline for filing a federal *habeas* petition commenced at some point in 2005, after his appeal was denied by the Arkansas Court of Appeals. *See Jones v. Arkansas,* 2005 WL 605606 (unpublished).[3]  Jones filed the current Petition on October 20, 2022.  Clearly, Jones is well outside the time-period for seeking *habeas* relief.

Jones's claim related to his denial of parole accrued on June 29, 2021, when he was denied parole: "once I had been granted parole in 2019 which deprives me of life, liberty and property without due process."  ECF No. 1 at 1.  Because the limitations period for seeking relief pursuant to § 2254 began to run on June 29, 2021 Jones's current Petition should have been filed on or before

---

[3] This time-period might be extended until 2007 because it appears Jones filed for post-conviction relief. *See Jones v. Arkansas,* 2007 WL 4201159 (2007).  Since this time-period is still nearly fifteen years before Jones actually filed his Petition in this case, these specifics do not impact the outcome of this decision, and the Court will not address them further.

June 28, 2022.  Accordingly, the instant Petition was filed outside the one-year statute of limitations, unless a tolling provision applies.

**B.      Tolling of the Statute of Limitations**

The Court's next consideration is whether a tolling provision applies.  In this case, the only applicable tolling provision is equitable tolling.  A petitioner is only entitled to this tolling if "he shows . . . that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" to prevent timely filing.  *Holland v. Florida,* 560 U.S. 631, 645 (2010).  While the diligence required for equitable tolling is "not maximum feasible diligence," reasonable diligence is required.  *See id.* at 653.

In the present action, Jones's Petition does not establish he acted with any due diligence in pursuing the timely filing of this Petition.  Jones's Petition does not demonstrate any extraordinary circumstance beyond his control made it impossible for him to file a petition before the statute of limitations ran.  *See, e.g., Runyan v. Burt,* 521 F.3d 942, 945 (8th Cir. 2008).  Therefore, AEDPA's one-year statute of limitation applies in this case, and Jones's Petition is untimely and should be dismissed.

**4.      Conclusion**:

Jones's Petition is time-barred from challenging the underlying conviction under the AEDPA one-year statute of limitations.  Jones was required to file a Petition by 2006 or, at very the latest, possibly by 2008.  Even assuming the denial of parole "triggered" this time-period, Jones's Petition still must have been filed by June 28, 2022.  Instead, in this case, Jones waited until October 20, 2022.  Thus, this Court has no jurisdiction over this Petition. [4]

---

[4] While not addressed in this Report and Recommendation, Jones has no liberty interest in being granted parole in any event. The Arkansas Supreme Court has emphasized the broad discretionary authority granted under its parole statutes and "has repeatedly held that there is no liberty interest in parole in Arkansas." *Whiteside v. Arkansas Parole Board*, 2016 Ark. 217, at 2, 492 S.W.3d 489, 490; *see*

5.      **Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Petition (ECF No. 1) be **DENIED** and dismissed with prejudice.  The Court further recommends no Certificate of Appealability issue in this matter.

The Court finds no evidentiary hearing is required.[5]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED this 19th day of January 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE a

---

*also Michalek v. Lockhart*, 292 Ark. 301, 304, 730 S.W.2d 210, 211 (Ark. 1987) ("[T]here is no constitutional right or entitlement to parole."). The Eighth Circuit has repeatedly noted that the Arkansas statutes create only a possibility of parole, and thus does not establish any right to release on parole which would invoke due process protections. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *see also Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) (Arkansas parole statutes do not create protectable liberty interest in discretionary parole decisions, and prisoner did not have protectable liberty interest in having parole board follow its own hearing policy).  Thus, Jones could not make a showing of denial of a federal constitutional right.

[5] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*