IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DOYLE ANTHONY JONES                                                            PETITIONER

v.                                    Civil No. 6:22-cv-06110

DEXTER PAYNE and
LESLIE RUTLEDGE
                                                                               RESPONDENTS

**ORDER**

Before the Court is the Report and Recommendation (R&R) filed on January 19, 2023, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 10. Petitioner Doyle Anthony Jones filed objections. ECF No. 13. Also before the Court is Jones's Motion to Amend. ECF No. 14. The matters are ripe for consideration.

**I. BACKGROUND**

In 2003, a jury convicted Jones of one count of arson, in violation of Ark. Code Ann. § 5-38-301, and the Washington County Circuit Court sentenced him to 480 months imprisonment. Jones is currently serving that sentence in the Arkansas Department of Correction (ADC) Ouachita River Unit in Malvern, Arkansas. Prior to this 2003 conviction, on December 12, 1975, Jones pled guilty to one count of first-degree rape in Washington County Circuit Court. In its judgment, the Washington County Circuit Court classified Jones as a sex offender. Subsequently and while on parole, Jones committed (and was convicted of) several other felonies.[1]

---

[1] On July 21, 1981, Jones was found guilty by a jury of one count of second-degree battery, on October 29, 1985, Jones was again found guilty by a jury of one count of second-degree battery, and in 1996, Jones pled guilty to another count of second-degree battery.

On January 12, 1999, the ADC's Community Notification Assessment Unit (the Assessment Unit) performed a Sex Offender Community Notification Assessment on Jones. The Assessment Unit assessed Jones as being a Community Notification Risk Level 3 sex offender. The Assessment Unit reassessed Jones several times throughout his incarceration and each time, classified him as a Level 3 sex offender. Specifically, the Assessment Unit assessed Jones on January 12, 1999, February 1, 2013, and January 4, 2022.

In 2014, Jones became eligible for transfer to supervised release, and on September 16, 2019, the ADC Parole Board recommended Jones's transfer to supervised release, subject to Jones's submission of a suitable release plan. However, the address which Jones listed in his proposed release plan was the address of another Level 3 sex offender. Determining that Jones's release plan was unsuitable, on June 29, 2021, the ADC declined to release Jones. ECF No. 8-3, at 2 ("[Parole] is being denied as the address that this offender is trying to parole out to belongs to another Level 3 Sex Offender, who is currently incarcerated.").

Following the Assessment Committee's January 2022 assessment, Jones sought administrative review from the Sex Offender Assessment Committee (SOAC). The SOAC reviewed Jones's complete administrative file, including a video of an assessment interview with Jones that the Assessment Committee conducted on November 9, 2021. On March 25, 2022, the SOAC sent a letter to Jones, notifying him that after conducting an administrative review, his classification as a Level 3 sex offender remained. In this letter, the SOAC twice instructed Jones that if he disagreed with the administrative review decision, he should file for judicial review in the Pulaski County Circuit Court or in the circuit court of the county where Jones resides or does business within thirty (30) days of his receipt of the SOAC's administrative findings.

On October 20, 2022, Jones, appearing pro se, filed a petition for writ of habeas corpus in the United States District Court for the Western District of Arkansas, pursuant to 28 U.S.C. § 2254. ECF No. 1. In Jones's view, the SOAC's assessment of him was erroneous, and Respondents Dexter Payne and Leslie Rutledge are now "illegally and unlawfully" detaining him in violation of the Fourteenth Amendment Due Process Clause.[2] More specifically, Jones states:

> The parole board has granted me parole in 2019 but the ADC refuses to release me because of the assessment as being a sex offender. I am unable to find a place to parole to. I am not a sex offender. I am a veteran and the VA will not accept me either because I have been labeled as a sex offender.
>
> I have not been afforded a jury trial to be found guilty for a sex offense since August 01, 1997. I am being illegally and unlawfully detained. I did plead guilty in 1975 of rape, however, I was max flat on that conviction on 8-22-1995. The Respondent has not made any attempt to assist me getting a place to parole to nor has the Respondent assisted me getting the Sex Offender Registration laws off me. I am not a sex offender.

ECF No. 1, at 5. Jones states that he is not challenging his conviction but, rather, is "challenging the execution of [his] sentence and how its denying [him] release once [he] had been granted parole in 2019 which deprives me of life, liberty and property without due process of law violative of the 14th Amendment of The United States Constitution." ECF No. 1, at 1.

Judge Bryant recommends dismissing Jones's petition with prejudice and declining to issue a certificate of appealability. Judge Bryant construes Jones's petition as seeking review of his state-court conviction and states that the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year deadline closed "at some point in 2005, after his appeal was denied by the Arkansas Court of Appeals." ECF No. 10, at 3. Judge Bryant then finds that, insofar as Jones's

---

[2]In his petition and objections, Jones does not specify whether he believes that the Assessment Committee's initial assessment of him was erroneous, the SOAC's administrative decision was erroneous, or both the Assessment Committee and the SOAC acted erroneously. Viewing Jones's petition liberally, the Court construes his argument as challenging both the Assessment Committee's January 2022 determination that he is a Level 3 offender, as well as the SOAC's decision to uphold the Assessment Committee's determination. For simplicity, the Court refers to only the SOAC's assessment, as it is the most recent administrative decision for the Court's review.

petition relates "to his denial of parole," AEDPA's one-year deadline closed on June 28, 2022. ECF No. 10, at 3-4. Accordingly, Judge Bryant recommends finding that Jones's petition is time-barred by AEDPA.

Jones objects, claiming that Judge Bryant misunderstood his petition and incorrectly construed it as challenging his criminal conviction or denial of parole. ECF No. 13. Jones explains that he is challenging "the reassessment which continuously requires [him] to register as a level 3 sex offender when [he has] never been afforded a trial or adjudicated guilty on or after August 01, 1997, of any sex offense in accordance with Arkansas Law." ECF No. 13, at 2. The Court construes Jones's claim as a *procedural* due process claim. *See, e.g.*, *Kellar v. Fayetteville Police Dep't*, 5 S.W.3d 402, 410 (Ark. 1999) (construing prisoner's argument that he was denied an opportunity to contest the sex offender level risk level assigned to him as a procedural due process claim). Jones further explains that the SOAC's most recent reassessment of him became final on March 25, 2022, and AEDPA's one-year deadline does not close until March 25, 2023. Accordingly, in Jones's view, Judge Bryant is incorrect that Jones's petition is time-barred by AEDPA. In a motion separate from his objections, Jones seeks leave to amend his petition. ECF No. 14. After comparing Jones's original petition with his proposed amended petition, it appears that the only edit he wishes to make is to add the following language: "I am challenging the execution of my sentence and the assessment and reassessment that requires me to register as a level 3 sex offender *which became final on or about March 25th, 2022*." ECF No. 14-1, at 1 (emphasis added).

## II. DISCUSSION

The Court first determines the appropriate standard of review before turning to Arkansas law governing sex offender assessments. Ultimately, for the following reasons, the Court finds that Jones's petition should be denied with prejudice and no certificate of appealability shall issue.

### A. Standard of Review

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020). After reviewing a magistrate judge's R&R under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). If the prisoner "files timely and specific objections" to the magistrate's R&R, then "the district court makes 'a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Id.* at 1046.

Here, Jones's objections were timely filed and specific enough to trigger the Court's de novo review.[3] Reviewing Judge Bryant's R&R de novo, the Court rejects Judge Bryant's finding

---

[3] On February 6, 2023, the Court granted Jones's motion for an extension of time, allowing him to file his objections to Judge Bryant's R&R later than fourteen (14) days from Jones's receipt of Judge Bryant's R&R. *See* ECF No. 12 (granting Jones an additional fifteen (15) days to object).

5

that Jones's petition is time-barred.  Judge Bryant construed Jones's petition as challenging his state-court conviction, but Jones states, in both his petition (ECF No. 1) and his objections (ECF No. 13) that he is not challenging his conviction.  Judge Bryant alternatively construed Jones's petition as challenging his denial of parole, but Jones states in his objections (ECF No. 13) that he is not challenging the denial of parole.  Instead, the crux of Jones's challenge is the fact that the ADC, via the Assessment Committee and SOAC, assessed him to be a Level 3 sex offender without a hearing or trial.[4]

AEDPA's one-year limitations period "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and begins running from either

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence*[,]

whichever is later.  28 U.S.C. § 2244(d)(1) (emphasis added).  Construing Jones's petition as challenging the SOAC's most recent assessment of him, the Court finds that AEDPA's one-year period began accruing on March 23, 2022, when the SOAC notified Jones of its decision and

---

[4]The Court notes that language in Jones's petition supports Judge Bryant's interpretation that Jones is challenging the denial of his parole.  For example, Jones stated that the ADC "refuses to release [him]."  ECF No. 1, at 5.  However, looking to Jones's objections and construing his petition liberally, the Court interprets Jones's claim as challenging the process by which the ADC classified him as a sex offender, though the ultimate result of that classification is the denial of his parole.

6

instructed him to seek judicial review if he disagreed with that decision.[5] Thus, the Court finds that Jones's petition is not time-barred by AEDPA.

### B. The Petition

Still, the Court ultimately agrees with Judge Bryant's recommendation that Jones's petition should be dismissed with prejudice and that a certificate of appealability should not issue. "In 1997, the Arkansas General Assembly enacted the Sex & Child Offender Registration Act [(the SORA Act)]. The General Assembly determined that 'sex offenders pose a high risk of reoffending after release from custody[]' [and] that 'protecting the public from sex offenders is a primary governmental interest,'" among other, similar determinations. *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1012 (8th Cir. 2006) (quoting Ark. Code Ann. § 12-12-902)). As is relevant to Jones, the SORA Act applies to any person who was "serving a sentence of incarceration, probation, parole, or other form of community supervision as a result of an adjudication of guilty on or after August 1, 1997, for a sex offense, aggravated sex offense, or sexually violent offense." Ark. Code Ann. § 12-12-905(a)(2).

Despite having pled guilty to first-degree rape, Jones appears to briefly argue that the SORA Act does not apply to him, claiming that he is "not a sex offender" and should not be labeled as one. *See* ECF No. 1, at 5. However, the SORA Act's plain language, as well as Arkansas case law interpreting the SORA Act, belies any contention that the SORA Act is inapplicable to Jones. Although Jones pled guilty to first-degree rape on December 12, 1975, (prior to the SORA Act's enactment), Jones was on parole for that offense on August 1, 1997, (the date of the SORA Act's

---

[5] The Court notes that Judge Bryant did not have access to the SOAC's March 23, 2022 notification, as Jones filed it after Judge Bryant issued his R&R. *See* ECF Nos. 10, 14-1; *cf. Key v. Grayson*, 163 F. Supp. 2d 697, 702 (E.D. Mich. Sept. 5, 2001) ("De novo review in these circumstances entails at least a review of the evidence that faced the Magistrate Judge; the Court may not act solely on the basis of the Magistrate Judge's report and recommendation. Whether the Court supplements the record by entertaining further evidence is a matter committed to the Court's discretion." (citations omitted)).

enactment). Thus, under the plain language of Section 12-12-902(a)(2), Jones is subject to the SORA Act's registration requirements. Moreover, Arkansas courts have explicitly held that the SORA Act applies to offenders convicted of rape prior to August 1, 1997, where that offender was still serving his sentence for rape on August 1, 1997. *See, e.g.*, *Williams v. State*, 532 S.W.3d 614, 616-17 (Ark. App. 2017).[6]

Having found that the SORA Act applies to Jones, the Court now turns to the act's substance. "In 1999, the legislature amended the [SORA] Act to provide for the establishment of [the SOAC], a committee appointed by the governor and charged with 'promulgat[ing] guidelines and procedures for the disclosure of relevant and necessary information regarding sex offenders to the public.'" *Weems*, 453 F.3d at 1012 (quoting Ark. Code Ann. § 12-12-913(c)(1)(A)). The SORA Act provides that the SOAC "shall cause an assessment to be conducted . . . of the public risk posed by a sex offender or sexually dangerous person." Ark. Code Ann. § 12-12-917(b)(1). During this assessment, the SOAC considers an offender's "level of dangerousness," "pattern of offending behavior," along with "community safety" before assigning a risk level and determining the scope of information that should be disclosed to the public about that offender. *Weems*, 453 F.3d at 1012. A sex offender may request a reassessment once every five (5) years. *Id.* at § 12-12-917(h)(1)(A).

After the SOAC assigns a risk level to a sex offender, the offender may challenge the assignment of that risk level pursuant to the Arkansas Administrative Procedure Act and via a written request for administrative review. Ark. Code Ann. § 12-12-922(b)(1)(A); *see also Weems*, 453 F.3d at 1013. Any request for review must be made "within fifteen (15) days of receipt of the

---

[6]To the extent that Jones is attempting to challenge his first-degree rape conviction, the Court agrees with Respondents' argument that "Jones does not advance any factual basis for claiming actual innocence" and his actual innocence "is not subject to challenge here, at this untimely hour." ECF No. 8, at 6-7.

8

advisement of risk level notification to the sex offender by certified mail and first-class mail." Ark. Code Ann. § 12-12-922(b)(2). After the administrative review is complete, if the offender takes issue with the administrative review findings, the "offender has thirty (30) days to file a petition under the Arkansas Administrative Procedure Act . . . for judicial review in the Pulaski County Circuit Court or in the circuit court of the county where the sex offender resides or does business." Ark. Code Ann. § 12-12-922(b)(7)(A)(ii).

Jones has previously sought review of the SOAC's assessments of him, though each time, unsuccessfully. When the Assessment Committee assessed Jones as a Level 3 sex offender on February 19, 2013, Jones sought administrative review. The SOAC upheld Jones's classification as a Level 3 sex offender, so on June 20, 2013, Jones sought judicial review in the Jefferson County Circuit Court. *See Jones v. Ark. Dep't of Corr. Sex Offender Screening & Assessment Comm.*, 2014 WL 1096295, at *1 (Ark. 2014). However, the Jefferson County Circuit Court dismissed Jones's petition as being untimely, and the Arkansas Supreme Court affirmed this dismissal, explaining that Jones's petition for judicial review was filed more than thirty days after he received notice of the SOAC's decision. *Id.* at *2. Recently, Jones challenged "misinformation" present in his record which he alleges has "factored into his designation as a Level 3 sex offender" by asking the Arkansas Supreme Court for a writ of error coram nobis. *Jones v. Arkansas*, 2022 WL 324415, at *1-2 (Ark. 2022). However, the Arkansas Supreme Court denied Jones's petition. *Id.* at *3.

As is relevant to his instant petition, the Assessment Committee assessed Jones as a Level 3 offender in January 2022, and Jones sought administrative review of that assessment. On March 25, 2022, the SOAC notified Jones of its decision to uphold the Assessment Committee's Level 3 assessment. In seeking administrative review from the SOAC, Jones followed the first step in the administrative procedure provided for by the SORA Act. However, instead of then seeking

9

judicial review in an appropriate state court in accordance with the SORA Act—specifically, with Ark. Code Ann. § 12-12-922(b)(7)(A)(ii)—Jones filed the instant habeas petition with this Court.

"Before seeking federal habeas review, . . . a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of prisoners' federal rights, 'which means he must "fairly present" his claim in each appropriate state court to alert that court to the claim's federal nature.'" *Grimaldi v. Bradshaw*, No. 2:22-cv-02030, 2022 WL 1150921, at *1 (W.D. Ark. Mar. 28, 2022) (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)); *cf. Rose v. Lundy*, 455 U.S. 509, 518 (1982) ("The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."). "The petitioner has the burden to show that all available state remedies have been exhausted with respect to every claim in his habeas petition or that exceptional circumstances exist, such as 'state remedies are inadequate or fail to afford a full and fair adjudication of federal claims, or . . . exhaustion in state court would be futile.'" *Neely v. Arkansas*, No. 4:06-cv-00953, 2007 WL 9627500, at *3 (E.D. Ark. Jan. 11, 2007) (alteration in original) (quoting *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998)).

More than thirty (30) days have passed since Jones received the SOAC's letter, and his opportunity to seek judicial review in state court, pursuant to §12-12-922(b)(7)(A)(ii), has expired. This means that Jones "is considered to [have met] the technical requirements for exhaustion." *See Grimaldi*, 2022 WL 1150921, at *2; *see also Raiford v. Payne*, No. 5:190cv099245, 2019 WL 12435699, at *2 (E.D. Ark. Oct. 1, 2019) ("A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available."). However, his claim is nevertheless "barred because it has been procedurally defaulted," and

10

"[p]rocedurally defaulted claims cannot afford an inmate federal habeas relief." *Grimaldi*, 2022 WL 1150921, at *2.[7] Thus, the Court finds that Jones's petition should be denied.

Further, the Court agrees with Judge Bryant that dismissal *with* prejudice is appropriate and that a certificate of appealability shall not issue. *See, e.g.*, *Raiford*, 2019 WL 12435699, at *3 ("When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability."). Dismissal with prejudice is appropriate because Jones's claims are procedurally defaulted and can no longer be brought in state court. *See, e.g.*, *Butler v. Payne*, No. 2:19-cv-02138, 2020 WL 1452979, at *5 (W.D. Ark. Mar. 5, 2020) (dismissing petition with prejudice after finding claims were procedurally barred). Further, no certificate of appealability shall issue because Jones "has [not] made a substantial showing that he was denied a constitutional right," *Raiford*, 2019 WL 12435699, at *3, and his claim "is clearly procedurally defaulted," *Davis v. Hobbs*, No. 5:12-cv-00421, 2013 WL 1669034, at *3 (E.D. Ark. Mar. 1, 2013).[8]

### III. CONCLUSION

For the reasons discussed above, the Court **ADOPTS IN PART** Judge Bryant's R&R (ECF No. 10). Jones's petition (ECF No. 1) is hereby **DISMISSED WITH PREJUDICE**. Further, no

---

[7]Procedural default is excusable in circumstances where the prisoner "can meet strict cause and prejudice or actual innocence standards." *See Raiford*, 2019 WL 12435699, at *2. Jones makes no attempt to satisfy either standard. The Court recognizes that Jones is proceeding pro se, but "a petitioner's pro se status" or his "unfamiliarity with the intricacies of the law or legal procedure do not qualify as "cause excusing a procedural default." *Id.* Thus, the Court finds no reason to engage in any extensive discussion of whether Jones's procedural default is excused, as he presents nothing to the Court suggesting that it is.

[8]Jones claims his due process rights were violated, but even when construing Jones's petition liberally, he has not cited to any constitutionally protected interest. There is no protected interest in receiving a hearing or trial in the sex offender risk assessment process. *See Doe v. Miller*, 405 F.3d 700, 709 (8th Cir. 2005) ("States 'are not barred by principles of "procedural due process" from drawing' classifications among sex offenders and other individuals." (emphasis in original) (quoting *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7 (2003)). Further, to the extent that Jones is effectively challenging the denial of supervised release, despite his assertion that he is not, there is no constitutionally protected liberty interest in the grant of supervised release. *See, e.g.*, *Hamilton v. Brownlee*, 237 F. App'x 114, 115 (8th Cir. 2007).

11

certificate of appealability shall issue.  Finally, because the Court dismisses Jones's petition with prejudice, Jones's request to amend that petition (ECF No. 14) is **DENIED AS MOOT**.

    **IT IS SO ORDERED**, this 23rd day of February, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge
